## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

_____
)
LARISSA SMITH, on Behalf of Herself and                )
All Other Similarly Situated Individuals,              )
                                             )
          PLAINTIFF,                         )     COMPLAINT-CLASS ACTION
                                             )
vs.                                                    )     Case No. _____
                                             )
CODE, INC.                                             )
D/B/A SHE SHE'S LOUNGE                                  )
                                             )
          DEFENDANT.                         )
_____)

## CLASS AND COLLECTIVE ACTION COMPLAINT

    1.     This is a class and collective action brought by Plaintiff Larissa Smith ("Plaintiff")

against Defendant Code, Inc. d/b/a She She's Lounge located at 9000 Chef Menteur Highway,

Unit M, New Orleans, Louisiana 70127 (hereafter, "the Club" or "Defendant").

    2.     The class and collective is composed of female employees who, during the relevant

period of February 2018 through the date of judgment in this case ("the relevant period"), worked

as exotic dancers for Defendant at its She She's Lounge Gentlemen's Club in New Orleans,

Louisiana, and were denied their fundamental rights under applicable state and federal laws.

    3.     Specifically, Plaintiff complains that Defendant misclassified Plaintiff and all other

members of the class and collective as "independent contractors."

    4.     As a result, Defendant unlawfully deducted and assigned wages, tips, and gratuities

belonging to Plaintiff and other members of the class and collective and failed to pay Plaintiff and

all other members of the class and collective minimum wage compensation.

5.     On a class-wide basis, Defendant willfully and intentionally violated the wage payment and wage/gratuity retention rights of Plaintiff and all other exotic dancers at the Club in direct violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, et seq. ("LWPA").

6.     Plaintiff brings this class and collective action against Defendant seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

7.     Plaintiff, Ms. Smith, is an individual residing in Kenner, Louisiana. Plaintiff was formerly employed by Defendant as an exotic dancer at the Club during the period of about January 2017 through about November 2020.

8.     Plaintiff hereby affirms her consent to participate as a plaintiff and class representative in a class and collective action under the FLSA and the LWPA.

9.     Defendant, the Club, is a corporation, formed under the laws of Louisiana, authorized to and doing business in Orleans Parish, Louisiana, that operates as She She's Lounge, a strip club located at 9000 Chef Menteur Highway, Unit M, New Orleans, Louisiana.

10.     Defendant qualified as Plaintiff's employer and the employer of all other exotic dancers at Defendant's She She's Lounge Club, within the meaning of the FLSA and the LWPA.

11.     During the relevant period, Defendant had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce, and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

12.     This Court has personal jurisdiction over the Club because during the period relevant to this action, the Club operated continuously in New Orleans, Louisiana.

13.     This Court has subject matter jurisdiction over the Club and this matter because Plaintiff brings claims under the FLSA, a federal statute that provides a basis for "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331.

14.     This Court properly confers supplemental jurisdiction over the interrelated LWPA state law claims alleged by Plaintiff in this matter.

15.     Based on the foregoing, venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391.

## FACTS

16.     Plaintiff was employed by Defendant as an exotic dancer at the Club for the period of about January 2017 through about November 2020.

17.     During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

18.     During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

19.     On average, Plaintiff worked about thirty (30) to thirty-five (35) or more hours per week.

20.     On information and belief, Defendant is in possession, custody, and control of time and/or sign in "house fee" payment records for Plaintiff and all other exotic dancers employed by Defendant at the Club during the relevant period.

21.     At all times, Defendant had actual knowledge of all hours Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers at the Club.

22.     At no time during Plaintiff's period of employment did Defendant ever pay Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers worked at the Club.

23.     At all relevant times, Defendant totally failed to pay wages or any kind of compensation to Plaintiff and all other exotic dancers for work duties performed.

24.     At all relevant times, Defendant misclassified Plaintiff and all other exotic dancers at the Club as independent contractors when these individuals should have been classified under the FLSA and the LWPA as employees.

25.     At all relevant times, Defendant controlled all aspects of the job duties Plaintiff and all other exotic dancers performed inside the Club through employment rules and workplace policies.

26.     At all relevant times, Defendant controlled the method by which Plaintiff and all other exotic dancers could earn money inside the Club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

27.     At all relevant times, Defendant required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

28.     Defendant hired Plaintiff and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

29.     Defendant, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient quality.

30.     Defendant conducted initial interviews and vetting procedures for Plaintiff and other exotic dancers and, at Defendant's sole discretion, Defendant's management and/or ownership could deny any Plaintiff or any other dancer access or ability to dance and/or work at the Club.

31.     At all relevant times, Defendant had the right to suspend or send Plaintiff or other exotic dancers home and away from the Club if Plaintiff or other dancers violated Defendant's rules or policies or if Defendant's ownership or management, at its discretion, did not want Plaintiff or any other dancer at the Club.

32.     As a condition of employment with Defendant, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

33.     At all relevant times, Defendant was in the business of operating a strip club featuring exotic dancers, and at all times it was the job duty of Plaintiff and each other exotic dancer to perform as exotic dancers for Defendant's customers.

34.     In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours worked, Defendant required Plaintiff and all other exotic dancers to pay Defendant a per-shift house fee or kickback of $55.00 to $85.00 or more for each shift worked.

35.     For each shift that Plaintiff and other exotic dancers worked, Defendant required Plaintiff and other dancers to pay portions of the tips they received from Defendant's customers to Defendant's managers, vendors, and non-customarily tipped employees in the following approximate amounts: $50.00-$75.00 to Defendant's DJ and $20.00-$40.00 to other managers or non-customarily tipped employees or vendors of Defendant.

36.     As part of their job duties at the Club, Plaintiff and other exotic dancers customarily performed private and semi-private dances for Defendant's customers.

37.     Per Defendant's club policy, when Plaintiff and other dancers performed private and semi-private dancers, Defendant's customer paid Plaintiff or the other exotic dancer a club-set fee or charge for the performance of the private or semi-private dance.  Thereafter, and without the customer's knowledge or consent, Defendant assigned and deducted about 30%-50% of the dance charge and kept the money for Defendant's own use and benefit.

38.     At all times relevant to this action, Defendant and its management had actual or constructive knowledge that Plaintiff and other exotic dancers at the Club were employees and not independent contractors.

39.     At all times relevant to this action, Defendant and its management had actual or constructive knowledge that Plaintiff and other exotic dancers at the Club were owed and should have been paid minimum wage compensation under the FLSA.

40.     At all times relevant to this action, Defendant had actual or constructive knowledge that Defendant misclassified Plaintiff and other exotic dancers at the Club as independent contractors instead of as employees.

41.     At all times relevant to this action, Defendant's failure to pay wages to Plaintiff and other exotic dancers was in direct violation of the FLSA and LWPA.

42.     At all times relevant to this action, Defendant's practice and policy of charging kickbacks and taking portions of tips Plaintiff and other exotic dancers received from Defendant's customers was in direct violation of the FLSA and the LWPA.

## CLASS ALLEGATIONS

43.     Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.     The Rule 23 Class ("the Class") is defined in this matter as:

* Any individual, who at any time during the relevant time period, worked as an exotic dancer for Defendant at the Club; and

* Who was classified by Defendant as an independent contractor.

45. On information and belief, the Class is believed to exceed fifty (50) current and former exotic dancers at the Club and is therefore so numerous that joinder of all members is impracticable.

46. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

* Whether Defendant misclassified all exotic dancers at the Club as "independent contractors," as opposed to employees;

* Whether Defendant unlawfully required class members to pay Defendant money or kickbacks as a condition of working shifts at the Club;

* Whether Defendant unlawfully required class members to split their tips and/or private and semi-private dance fees with Defendant and and/or Defendant's managers, vendors, and non-customarily tipped employees;

* Whether the monies given to dancers by patrons when they perform private and semi-private dances are gratuities or "service fees."

* Whether Defendant violated the LWPA; and

* The amount of damages and other relief (including statutory liquidated damages) owed by Defendant to Plaintiff and the Class.

47. Plaintiff's claims are typical of those of the Class.

48. Plaintiff, like other members of the Class, was misclassified as an independent contractor and denied her rights to wages and gratuities by Defendant under the LWPA.

49.     Defendant's misclassification of Plaintiff and denial of her rights to wages and gratuities was done pursuant to a common business practice which affected all Class members in a similar way.

50.     The named Plaintiff and the undersigned counsel are adequate representatives of the Class.

51.     Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class.

52.     Plaintiff has no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

53.     Plaintiff has retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

54.     This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

55.     This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

56.     Plaintiff is pursuing this lawsuit as a collective action under Section 216(b) of the FLSA on behalf of herself and all other similarly situated individuals who at any time during the relevant time period worked for Defendant as exotic dancers at Defendant's She She's Lounge

Club and was designated as an independent contractor and were not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

57.     Plaintiff and the members of the Collective are similarly situated because each was (1) improperly classified as independent contractors; (2) not paid any wages by Defendant for hours worked; (3)  a victim of tip theft whereby Defendant kept and/or assigned to management her tips and gratuities received from customers; (4) required to pay per-shift house fee or kickback to Defendant for each shift worked; and (5) not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

58.     Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA.

59.     On information and belief, Defendant have employed at least fifty (50) current and former exotic dancers at the Club in the past three (3) years.

60.     On information and belief, Defendant are in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant at the Club in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
**(Failure to Pay Statutory Minimum Wages)**

61.　Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

62.　The FLSA required Defendant to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

63.　The FLSA required that Defendant allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

64.　As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

65.　Without legal excuse or justification, Defendant kept and/or assigned to management, vendors, and non-tipped employees portions of the tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

66.　Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

### COUNT II
### VIOLATIONS OF LOUISIANA WAGE PAYMENT ACT

67.　Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

68.　The Louisiana Wage Payment Act requires that "[e]very employer shall keep a true and accurate record of the name, address, and occupation of each person employed by him, of the daily and weekly hours worked by, and of the wages paid each pay period to each employee. These

records shall be kept on file for at least one year after the date of the record." La. Rev. Stat. § 23:14.

69.    It is unlawful under the Louisiana Wage Payment Act for an employer to make deductions from employee wages except "in cases where employees willfully or negligently damage goods or works, or in cases where the employees willfully or negligently damage or break the property of the employer, or in cases where the employee is convicted or has pled guilty to the crime of theft of employer funds[.]" La. Rev. Stat. § 23:635.

70.    At all relevant times, Defendant, through its policies and practices described above, violated the Louisiana Wage Payment Act by, *inter alia,* (a) failing to keep accurate records of weekly hours worked and wages paid to each employee; (b) keeping and/or assigning to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers; (c) requiring Plaintiff and other exotic dancers to pay portions of the tips they received from Defendant's customers to Defendant's managers, vendors, and non-customarily tipped employees; and (d) requiring Plaintiff and all other exotic dancers to pay Defendant a per-shift house fee or kickback for each shift worked.

71.    Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the LWPA was not in good faith.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A.    Permitting Plaintiff's Class claims under the LWPA to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

D. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities and other monies paid by customers to Plaintiff and other similarly situated individuals and belonging to Plaintiff and other similarly situated individuals in violation of the LWPA;

F. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities and other money paid by customers to Plaintiff and other similarly situated individuals and belonging to Plaintiff and other similarly situated individuals in violation of the FLSA;

G. Judgment against Defendant for unlawfully taking deductions, kickbacks, fees, fines, and assignments from wages of Plaintiff and other similarly situated individuals in violation of the LWPA;

H. Judgment against Defendant for unlawfully taking deductions, kickbacks, fees, fines, and assignments from wages of Plaintiff and other similarly situated individuals in violation of the FLSA;

I. Judgment that Defendant' violations of the LWPA requirements were not the product of good faith on the part of Defendant;

J. Judgment that Defendant' violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant;

K. Judgment that Defendant' violations of the LWPA requirements were not in good faith;

L.      Judgment that Defendant' violations of the FLSA minimum wage requirements were willful;

M.      An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

N.      An award to Plaintiff and those similarly situated in the amount of all tips and gratuities and other related monies unlawfully taken and/or assigned by Defendant and/or Defendant' management;

O.      An award to Plaintiff and those similarly situated in the amount of all deductions, kickbacks, fees, fines, and assignments from wages taken and/or assigned by Defendant and/or Defendant's management;

P.      An award of statutory liquidated damages in amounts prescribed by the FLSA;

Q.      An award of attorneys' fees and costs to be determined by post-trial petition;

R.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

S.      Such further relief as may be necessary and appropriate.

Dated: February 18, 2021.

Respectfully submitted,

__ /s/ Kerry A. Murphy_____
Kerry A. Murphy (La. Bar No. 31382)
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans, Louisiana 70130
Telephone: (504) 603-1502
Email:  kmurphy@kerrymurphylaw.com

And

Gregg C. Greenberg, T.A.
        (MD Fed. Bar No. 17291)
(*Pro Hac Vice* Motion Forthcoming)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class Collective*